UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEROY HOUCHIN, II, )
)
        Plaintiff, )
) CAUSE NO. 3:15-CV-030 JD
   v. )
)
PAUL HEATEN, *et al.*, )
)
        Defendants. )

## OPINION AND ORDER

Leroy Houchin, II, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Houchin sues Detectives Paul Heaten and R.J. Nethaway as well as the Kosciusko County Sheriff's Department in connection with an alleged unreasonable search that occurred at his home on June 12, 2014.

The complaint and attachments show that on that date, Detectives Paul Heaten and R.J. Nethaway from the Kosciusko Sheriff's Department were investigating the dealing and use of illegal drugs at Houchin's residence. Detective Heaten spoke with Houchin and asked to search the residence. Houchin refused, stating that Detective Heaten could not search his home without a warrant. Despite this, Detective Heaten went into the home and conducted a warrantless search. Houchin brings a claim against Detective Heaten for entering and searching his home without a warrant in violation of the Fourth Amendment.

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated . . . ." U.S. CONST. AMEND. IV. The Fourth Amendment generally protects an individual's right to be free from warrantless intrusions into the home. *United States v. Foxworth*, 8 F.3d 540, 544 (7th Cir. 1993). However, there are exceptions to the warrant requirement. One such exception is when exigent circumstances are present. *Id.* "Exigent circumstances are defined as a compelling need for official action and no time to secure a warrant." *Id.* (citations omitted).

Here, the complaint can be read to allege that Detective Heaten entered and searched Houchin's home without consent, without a warrant, and without the presence of any exigent circumstances. Giving Houchin the inferences to which he is entitled at this stage, he has alleged enough to proceed further against Detective Heaten. Notably, the attachments to the complaint

reveal that the search of Houchin's residence was an issue in the underlying criminal case. (DE 1-1 at 1.) However, it is unclear whether that issue was previously litigated to invoke *res judicata*. Further factual development may show Detective Heaten acted appropriately under the circumstances or that this issue has already been litigated, but Houchin has alleged enough at this stage.

Next, Houchin alleges that Detective R.J. Nethaway violated his right to counsel when he ignored Houchin's request for an attorney. Specifically, Houchin complains that while being questioned by Detective R.J. Nethaway after the search of his home, Houchin requested an attorney, but Detective R.J. Nethaway ignored the request and continued to ask him questions. In *Miranda v. Arizona*, the Supreme Court held that before police officers may interrogate a suspect that is in custody, they must inform him of his right to an attorney. 384 U.S. 436 (1966). In *Edwards v. Arizona*, the Court held that once a suspect in custody expresses his desire for counsel, officers may not continue to interrogate him until an attorney is present. 451 U.S. 477 (1981). However, the right to counsel announced in *Edwards* is an exclusionary rule; it allows for the suppression of evidence unlawfully obtained in a criminal case. *United States v. Hunter*, 708 F.3d 938, 939 (7th Cir. 2013). It does not provide for money damages due to an officer's refusal to stop questioning after a suspect has requested to speak with an attorney. *Uhde v. Adams County*, No. 03-C- 323-C, 2003 WL 23142254 * 6 (W.D. Wisc. July 22, 2003). For these reasons, this claim must be dismissed.

Finally, Houchin brings suit against the Kosciusko County Sheriff's Department. While he names the Sheriff's Department as a defendant, Houchin does not mention the Sheriff's Department anywhere in the body of his complaint. Presumably, Houchin seeks to hold the Sheriff's Department liable for the actions of Detectives Heaten and Nethaway. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and the Sheriff's Department cannot be held liable simply

3

by virtue of the fact that it employed the individuals involved in this case. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Based on these allegations, Houchin has not plausibly stated a claim against the Kosciusko Sheriff's Department. Therefore, the Kosciusko Sheriff's Department will be dismissed without prejudice.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed on a claim against Detective Paul Heaten in his individual capacity for monetary damages for violating the Fourth Amendment by conducting a warrantless search of Houchin's residence on June 12, 2014;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Detective R.J. Nethaway;

(4) **DISMISSES** the Kosciusko Sheriff's Department without prejudice;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Detective Paul Heaten to the United States Marshals Service along with a copy of the complaint (DE 1) and this order;

(6) **DIRECTS** the U.S. Marshals Service to effect service of process on Detective Paul Heaten pursuant to 28 U.S.C. § 1915(d); and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Detective Paul Heaten respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: June 5, 2015

                                              /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court